IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS L. BURTON,
    Plaintiff,

vs.

TOM DART,
    Defendant,

1:16-cv-7877
Judge Marvin E. Aspen
Magistrate Judge Mary M. Rowland
PC2

FILED 8/29/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED AUG 0 4 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, The court has jurisdiction under 28 U.S.C. 1331 and 1343(a)(3).

2. The United States District Court, Northern District, Eastern Division of Illinois is the appropriate venue under 28 U.S.C. section 1392(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Dennis l. Burton, is and was at all times mentioned herein a prisoner of the Cook County Jail, located in Chicago, Illinois.

## III. DEFENDANT

4. Defendant, Tom Dart, is the Sheriff of the Cook County Sheriffs Department. He is legally responsible for the overall operation of the Cook County Jail and each division under it's jurisdiction.

## IV. FACTS

5. Upon information and belief, the Plaintiff was arrested in the city of Chicago, State of Illinois on or around August 1, 2014 for the offense of burglary.

6. Upon information and belief, the Plaintiff was transported to the Cook County Jail, located in the City of Chicago, to be processed for the aforementioned offense.

7. Upon information and belief, after processing was completed at central booking, the Plaintiff was assigned to be housed at Division 2 at the Cook County Jail

8. Upon information and belief, the Plaintiff was denied basic human needs and was subjected to live in deplorable conditions while housed Division 2 of the Cook County for a period of three months ( August 1, 2014- November 1, 2014).

(1)

9. Upon information and belief, the Plaintiff was forced to live in a Division which had already been condemned. Plaintiff was assign to a cell which had no running water and no working toilet.

10. Upon information and belief, the Plaintiff was exposed to black mold, which was prevalent through out all of Division 2.

11. Upon information and belief, the Plaintiff was assigned to a dorm with too many men there which meant that the Plaintiff had to sleep on the floor of his assigned dorm

12. Upon information and belief, the Plaintiff's assigned cell had no working electricity and was forced to live in almost complete darkness.

13. Upon information and belief, the Plaintiff was exposed to the droppings and urine of mice and rats. Division 2 was infested with vermin through out the Plaintiff's three month stay.

14. Upon information and belief, the Plaintiff did not have access to a functioning shower while assigned to Division 2. The Plaintiff was forced to go without a shower for a significant period of time.

15. Upon information and belief, Division 2 had severe roof damage, meaning that whenever it would rain the roof would leak relentlessly.

## V. EXHAUSTION OF LEGAL REMEDIES

16. The Plaintiff used the prisoner grievance procedure available at the Cook County Jail. However, the Plaintiff's grievance went unanswered and the Plaintiff was subsequently sent to the Illinois Department of Corrections.

## VI. LEGAL CLAIMS

17. Plaintiff reallege and incorporates by reference paragraphs 1-16.

18. Cook County Sheriff Tom Dart violated the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by forcing him to live in, what the Defendant knew to be a condemned division of his county jail.

19. The Plaintiff has no plain or adequate, complete remedy at law to redress the wrongs described herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this court enter a judgment granting Plaintiff:

20. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

21. Compensatory damages of $1000.00 against the defendant.

22. Punitive damages of $10,000.00 against the defendant.

23. A jury trial on all issues triable by a jury.

24. Plaintiff's costs in this suit.

25. Any additional relief this court deems just, proper and equitable.

RESPECTFULLY SUBMITTED                          DATED July 28th, 2016

*Dennis L Burton*
DENNIS L. BURTON
2268 E. Morton ave.
Jacksonville, IL 62650


## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED AT THE GREENE COUNTY WORK CAMP, ROODHOUSE, IL July 28th, 2016.


*Dennis L Burton*
DENNIS L. BURTON


## CERTIFICATE OF SERVICE

Dennis Burton, pro-se, hereby certifies that he has served a copy of the foregoing complaint upon:

United States District Court Clerk
Everett McKinley Dirksen Building
219 S. Dearborn Street
Chicago, Illinois 60604

by depositing a copy of same in a correctly addressed, prepaid envelope and depositing same in the United States Mail in Jacksonville, Illinois on July 28th, 2016

*Dennis L Burton*
DENNIS L. BURTON